IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE, | ) ) ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:11-CV-804-WKW ) [WO] |
| KATHLEEN SEBELIUS, Secretary, United States Department of Health and Human Services, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**<u>ORDER</u>**

After its insured was involved in an automobile collision, Plaintiff Progressive Insurance Specialty ("Progressive") filed this interpleader action in the Circuit Court of Covington County, Alabama, seeking a determination of the rights of claimants to a $50,000 automobile insurance policy.  One of the sixteen named Defendants is styled "Medicare."  Kathleen Sebelius, the Secretary of the United States Department of Heath and Human Services ("Secretary") removed this action under the general federal-question removal statute, *see* 28 U.S.C. § 1441(b), asserting that she is the real party in interest because this case involves the "administration of the Medicare program."  (Not. Removal 2 (Doc. # 1).)

After removal, Ms. Sebelius filed a motion to dismiss all claims against her for lack of subject matter jurisdiction.  The Secretary asserts that she has sovereign

immunity from suit and that Congress has not waived sovereign immunity for interpleader actions brought against the Secretary.  (Sec'y Mot. Dismiss 5–9 (Doc. # 9).)  Instead of responding to the Secretary's motion to dismiss, as ordered, Progressive filed a motion to remand this action back to state court.  (Mot. Remand (Doc. # 11).)  As grounds for its motion, Progressive contends that, because this "court entered an order dismissing the Secretary," remand is "warranted because a 'federal entity' is no longer a party to this action."  (Mot. Remand 2.)  Those factual contentions are erroneous.  The court has not ruled on the Secretary's motion to dismiss, and, thus, the Secretary remains a party.  More importantly, Progressive's motion to remand misses the jurisdictional mark.

Whether this action was removable by the Secretary in the first instance is not addressed in Progressive's motion to remand.  While procedural defects to removal can be waived, defects that deprive a court of subject matter jurisdiction cannot be waived and must be raised *sua sponte*.  *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) ("[T]he district court may not *sua sponte* decide to remand the case for any procedural defect other than lack of subject matter jurisdiction."); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410–11 (11th Cir. 1999) ("[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction.").

Section 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." § 1441(b). The only source of federal law cited by the Secretary in support of removal is the Medicare Act, 42 U.S.C. §§ 1395, *et seq.* However, rather than conferring original jurisdiction on federal courts, the Medicare Act "'strips federal courts of primary federal-question subject matter jurisdiction' over claims that arise under that Act." *Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008) (quoting *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 779 (11th Cir. 2002)). As explained in *Dial*,

> In place of . . . primary federal-question jurisdiction, the [Medicare] Act provides for an administrative hearing before the Secretary of the Department of Health and Human Services. 42 U.S.C. § 1395w-22(g)(5). If the amount in controversy is sufficient, the Act provides for "judicial review of the Secretary's final decision" in the form of a civil action in federal district court against the Secretary. *Id.*; 42 U.S.C. § 405(g). This procedure for judicial review of the administrative decision of the Secretary "to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615 . . . (1984).

*Id.* at 1047–48.

Although not citing *Dial*, the Secretary relies on § 405(g) in urging dismissal. (*See* Sec'y Mot. Dismiss 8 ("No party to this action has made a presentment to the Secretary or otherwise exhausted its administrative remedies and received the

3

Secretary's final decision.").) However, it is because of § 405(g) that the Secretary's removal was not proper for lack of subject matter jurisdiction. Based upon *Dial*, subject matter jurisdiction involving the Medicare Act is proper only where the case is brought against the Secretary for judicial review of an administrative decision.

The Secretary failed to establish in her Notice of Removal that this action is a "civil action of which the district courts have original jurisdiction." § 1441(b). Accordingly, it is ORDERED that this action is REMANDED *sua sponte* to the Circuit Court of Covington County, Alabama, for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c).

The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 17th day of January, 2012.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE